WILLIAMS ET AL., APPELLANTS, *v.* WILFONG, EXR., ET AL., APPELLEES.

(No. 5132—Decided October 11, 1961.)

*Mr. James F. Leonard*, for appellants.
*Messrs. Houk & Houk*, for appellees.

DOYLE, J. A petition to contest a will was filed in the Court of Common Pleas of Summit County. To this petition a motion was filed, which asked the court ''to dismiss the * * * action on the ground of lack of jurisdiction, for the reason that an heir at law * * * was not made a party within the period of six months after probate of the will.''

Upon hearing, the court sustained the motion and dismissed the petition. From that judgment, an appeal has been taken to this court, and errors claimed in the court's ruling.

The will was admitted to probate on May 15, 1959; the petition was filed within the statutory six-month limitation, but failed to make Lyle Fortney, one of several heirs, a party; on March 2, 1961, the case was set for trial, and Lyle Fortney filed in the action an entry of appearance, although not theretofore named in the litigation.

An heir at law, who is not named as a party, cannot become a party and vitalize a will contest action by filing a waiver of service, entry of appearance, and a consent to the prayer of the petition, after the lapse of six months from the time of the probate of the will. Under the mandatory provisions of Sections 2741.02 and 2741.09, Revised Code, the interested parties must be named and made parties to a will contest action within the period of six months; otherwise the action must fail. *Fletcher* v. *First National Bank*, 167 Ohio St., 211.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.